IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANK ARKULARI, | |
| Petitioner, | 8:22CV395 |
| vs. | |
| DIANE SABATKA-RINE, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on Petitioner Hank Arkulari's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court will dismiss the petition without prejudice because Petitioner has not exhausted his state court remedies.

Petitioner alleges he was sentenced to 987 days' imprisonment on August 23, 2022, pursuant to a no contest plea in the District Court of Lancaster County, Nebraska. Filing No. 1 at 1. Petitioner states he has not filed a direct appeal because his "[a]ttorney never told [him] about appeal." *Id*. at 7. Petitioner also indicates that he has not filed a state post-conviction motion and he does not have any petition or appeal now pending for the judgment he is challenging. *Id*. at 3, 6–7, 9–10, 12. Petitioner filed his habeas petition in this Court on November 14, 2022, alleging claims of ineffective assistance of counsel.

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id*. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

To be clear, exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254. As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

2

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Here, the petition's allegations clearly establish that Petitioner did not exhaust his available state court remedies *before* filing his habeas case in this forum. Petitioner did not file a direct appeal and alleges, liberally construed, that his trial counsel was ineffective for failing to inform him of the availability of a direct appeal. Petitioner has not filed a motion for postconviction relief in the state district court, *see* Neb. Rev. Stat. 29-3001, which is a remedy available to him in order to litigate his ineffective assistance of counsel claim. See *State v. Payne,* 855 N.W.2d 783, 787 (Neb. 2014) (explaining that to determine whether a claim is procedurally barred where no direct appeal was filed, a postconviction court must first determine whether trial counsel served as counsel to the defendant at the time a direct appeal could have been filed; the claim would be procedurally barred if trial counsel was not defendant's counsel at that time, but it would not be procedurally barred if trial counsel was still defendant's counsel). Consequently, Petitioner's petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this Court. *Rose*, 455 U.S. at 520; *Akins*, 410 F.3d at 455.

Petitioner does not allege, nor can it reasonably be claimed, that his habeas petition is a "mixed" petition. "The failure to do so categorically rules out relief under *Rhines* [*v. Weber*, 544 U.S. 269, 276 (2005)] since *Rhines* only involves cases with mixed petitions." *McLemore v. Frakes*, No. 8:18CV567, 2019 WL 2358433, at *3 n.2 (D. Neb. June 4, 2019) (citing *Charles v. Payne*, No. 4:17 CV 2494 CDP, 2018 WL 3208551, at *2

3

(E.D. Mo. June 29, 2018)). "A 'mixed petition' is one where at least one claim is exhausted but another is unexhausted." Id.

Even if the Court could exercise discretion to stay these proceedings pursuant to Rhines, a stay would not be appropriate in this case as Petitioner's access to federal habeas review will not be prejudiced if this case is dismissed. Petitioner's conviction became final on September 22, 2022, upon the expiration of the 30-day period for filing a direct appeal. See Neb. Rev. Stat. § 25-1912(1); see also In re Interest of J.A., 510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); State v. Yos-Chiguil, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence."). Thus, the one-year federal habeas statute of limitations period set forth in 28 U.S.C. § 2244(d)(1) is not set to expire for another 5 months, and the one-year limitations period is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In other words, if Petitioner files a timely state postconviction motion,[1] the one-year statute of limitations for filing a federal habeas petition will be tolled while his state postconviction proceedings are pending. Thus, dismissing this federal petition for habeas relief will not prejudice Petitioner's ability, upon exhaustion of his available state remedy, to file a timely petition for federal habeas review as appropriate.

---

[1] In Nebraska, a one-year period of limitation applies to the filing of a postconviction motion which runs from the later of five specified dates including "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal," which as stated above was September 22, 2022. Neb. Rev. Stat. § 29-3001(4)(a).

Based on the foregoing, Petitioner's habeas petition must be dismissed without prejudice for failure to exhaust available state postconviction remedies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 21st day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge